501 S.E.2d 733

**In the Matter of Kenneth L. MITCHUM, Respondent.**

**No. 24792.**

Supreme Court of South Carolina.

Submitted April 13, 1998.
Decided May 18, 1998.

---

Kenneth L. Mitchum, Georgetown, pro se.

Henry B. Richardson, Jr., Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement.

In 1991, respondent was retained to complete an adoption. Respondent commenced the action in 1991 but took no further meaningful action in the matter. During the pendency of the petition, respondent was unresponsive to his clients' inquires regarding the adoption proceeding and provided untruthful information regarding the status of the matter.

In September 1996, respondent wrote to his clients, explaining that he suffered from chronic depression and apologizing for his failure to diligently pursue the adoption on their behalf. Although his clients expressed interest in obtaining substitute counsel, respondent encouraged them to allow him to pursue the adoption and promised to complete the matter. Respondent, however, failed to perform any meaningful work on the matter, and the clients terminated respondent's services for his failure to provide any meaningful representation in connection with the matter.

 Respondent admits that he neglected this legal matter by failing to provide competent representation to his clients, failing to consult with his clients regarding the adoption proceeding, failing to pursue this matter with reasonable diligence and promptness, failing to keep his clients reasonably informed about the status of the matter, and failing to promptly comply with their requests for information. By his conduct, respondent violated Rules 1.1, 1.2, 1.3, 1.4, and 8.4 of the Rules of Professional Conduct. Rule 407, SCACR.

 By violating the Rules of Professional Conduct, respondent has committed misconduct under Rule 7(a)(1), RLDE. In our opinion, respondent's misconduct warrants a public reprimand. Accordingly, respondent is hereby publicly reprimanded for his misconduct.

PUBLIC REPRIMAND.