663 S.E.2d 482

In the Matter of Kenneth L. MITCHUM, Respondent.

No. 26514.

Supreme Court of South Carolina.

Submitted June 3, 2008.

Decided June 30, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia; for Office of Disciplinary Counsel.

Kenneth L. Mitchum, of Georgetown, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or a definite suspension not to exceed two years pursuant to Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and suspend respondent from the practice of law in this state for nine months. The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent admits the following with regard to his representation of a client:

1. Respondent filed suit on behalf of the client, but took no further action thereafter, resulting in the case being dismissed. Respondent failed to notify the client that the case had been dismissed and failed to restore the case within the time period set forth in Rule 40, SCRCP.

2. Respondent falsely represented to the client he had filed suit on her behalf in another matter. When he eventually filed the suit, he failed to effect service on the

defendants despite representing to the client that he had done so.

3. In a matter before the State Board of Education, respondent failed to notify the client of the Board's decision to suspend her teaching certificate. The client did not learn of the suspension until after the period for appeal had expired. In this same matter, respondent recommended the client file suit against the Board and thereafter assured her he had filed such a suit on her behalf when in fact he never filed the suit.

4. Respondent assisted the client in receiving a loan and signed as guarantor of the loan. When the client refused to make further payments on the loan, respondent satisfied the loan.

5. Respondent failed to keep the client reasonably informed of the status of her cases and failed to promptly comply with the client's reasonable requests for information.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation, including the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation, to a client); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation and consult with the client as to the means by which they are to be pursued); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall consult with a client about the client's case, keep the client reasonably informed about the case and promptly respond to reasonable requests for information); Rule 1.8(e)(a lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter and a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client); and Rule 8.4(a) (it is professional misconduct for

a lawyer to violate the Rules of Professional Conduct). Respondent also admits that he has violated Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, by violating the Rules of Professional Conduct.

## *Conclusion*

We find a nine month suspension is the appropriate sanction for respondent's misconduct. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for nine months. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.