685 S.E.2d 811

**In the Matter of Kenneth L. MITCHUM, Respondent.**

**No. 26740.**

Supreme Court of South Carolina.

Submitted Oct. 13, 2009.

Decided Nov. 9, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Kenneth L. Mitchum, pro se, of Georgetown.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to any sanction provided by Rule 7, RLDE, Rule 413, SCACR. We accept the agreement and indefinitely suspend respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

## FACTS

### I.

Respondent represented Complainant A in a civil action. Respondent failed to keep Complainant A reasonably informed regarding the status of the case and failed to diligently pursue the case. In addition, respondent signed a Stipulation of Dismissal in the case without Complainant A's knowledge or consent a nd failed to inform Complainant A that he had signed the Stipulation of Dismissal.

### II.

Respondent represented a client in a civil action. Respondent failed to diligently pursue the case. During the repre-

620

sentation, respondent was placed on definite suspension for nine (9) months and an attorney was appointed to protect the interests of respondent's clients (ATP). *In the Matter of Mitchum*, 378 S.C. 597, 663 S.E.2d 482 (2008).

On or about September 26, 2008, respondent delivered a check to the ATP in the amount of $19,480.00 made payable to the client and requested the ATP deliver the check to the client. The $19,480.00 check tendered to the client was not the result of any actual settlement in the client's case. Instead, by tendering the check to the client, respondent was attempting to provide financial assistance to the client in connection with pending or contemplated litigation.

## III.

Respondent was retained to represent Complainant B in a civil action against a defendant. Respondent was served with the defendant's Interrogatories and Request for Documents; he failed to timely respond to either document. Respondent was served with a Notice of Motion and a Motion to Compel, but failed to respond to the Motion to Compel. Based on respondent's failure to respond to the Interrogatories, the Request for Documents, or the Motion to Compel, Complainant B's case was dismissed with prejudice. Respondent did not notify Complainant B that the matter had been dismissed and falsely led Complainant B to believe the case was still on the docket for trial.

## *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.2 (lawyer shall abide by client's decision whether to accept settlement); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing clients); Rule 1.4 (lawyer shall keep clients informed); Rule 1.8(e) (lawyer shall not provide financial assistance to client in connection with pending or contemplated litigation); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(e)

(lawyer shall not engage in conduct that is prejudicial to administration of justice). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).[1]

## CONCLUSION

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law. Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.

---

1. Respondent's disciplinary history includes a definite suspension for nine (9) months, a definite suspension for ninety (90) days, a public reprimand, a private reprimand, and an admonition. *In the Matter of Mitchum,* 378 S.C. 597, 663 S.E.2d 482 (2008); *In the Matter of Mitchum,* 333 S.C. 265, 510 S.E.2d 214 (1998); *In the Matter of Mitchum,* 331 S.C. 34, 501 S.E.2d 733 (1998); *In the Matter of Two Anonymous Members of the South Carolina Bar,* 278 S.C. 477, 298 S.E.2d 450 (1982).